# UNITED STATES DISTRICT COURT
## MIDDLE DISTICT OF FLORIDA
### TAMPA DIVISION

SHAUNDRA BROWN,

     Plaintiff,                        CASE NO.:

v.

                                    JURY TRIAL DEMANDED

OPTUM SERVICES, INC.,
DBA UNITEDHEALTH GROUP,       COMPLAINT FOR DAMAGES

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, SHAUNDRA BROWN, sues Defendant, OPTUM SERVICES, INC., DBA UNITEDHEALTH GROUP, and states as follows:

## **JURISDICTIONAL ALLEGATIONS**

1.     This is an action for damages.

2.     Defendant, OPTUM SERVICES, INC. DBA UNITEDHEALTH GROUP ("Defendant"), is a foreign corporation engaged in business in Hillsborough County, Florida.

3.     Plaintiff, SHAUNDRA BROWN ("Plaintiff"), is a Black, former employee of Defendant who, at all times herein, worked and resided in Hillsborough County, Florida.

4.     At all times relevant, Plaintiff was an employee of Defendant working in

Florida.

5.      At all times relevant hereto, Defendant employed more than fifteen (15) regular employees.

6.      Jurisdiction is proper because Plaintiff's claims are based on federal question.

## **FACTUAL ALLEGATIONS**

7.      Plaintiff began working for Defendant in or around April 2009 as a Call Center Supervisor.

8.      In or around March 2019, Plaintiff applied for and became Defendant's Call Center Director at its 10210 Windhorst Road, Tampa, Florida location ("Call Center"). Plaintiff worked in the Operations Department at the Call Center and was tasked with supervising a team of individuals within the Call Center.

9.      At all times relevant, Plaintiff's work performance at the Call Center was beyond satisfactory.

10.     At all times relevant, Plaintiff's superiors included Gregg Grunewald ("Mr. Grunewald"), Chief Operating Officer of the Operations Department, Shaun Jacquet ("Mr. Jacquet"), Vice President of the Operations Department, Amanda Roberts ("Ms. Roberts"), Vice President of the Program Management Department, and Edward Weinberg ("Mr. Weinberg"), President of the Program Management Department.

11.   Beginning around November 2020 until around May 2021, Ms. Roberts continually and intentionally subjected Plaintiff to race-based discrimination and harassment. Ms. Roberts's actions towards Plaintiff included, but were not limited to, publicly embarrassing Plaintiff in front of her peers and subordinates through harmful and offensive language, demanding reports and presentations be submitted in an unreasonable time, giving Plaintiff unwarranted poor performance evaluations, disclosing internal performance metrics to a business client to in effort to elicit negative reviews or complaints from said client, ignoring Plaintiff's emails and calls, calling Plaintiff after work hours demanding work information, directing Plaintiff to refrain from performing certain tasks then subsequently complaining to Plaintiff's superiors that Plaintiff was falling behind, withholding critical information from Plaintiff necessary for Plaintiff to perform her duties, and scheduling supervisor meetings but refusing to invite Plaintiff to the meetings. Ms. Roberts did not subject any of Plaintiff's non-Black counterparts to the same race-based discriminatory or harassment during this time, and the only difference between Plaintiff and her non-Black counterparts was race.

12.   Mr. Roberts' race-based discrimination and harassment against Plaintiff caused Plaintiff mental, physical, and emotional distress.

13.   Beginning around November 2020 until around May 2021, on several occasions, Plaintiff complained about Ms. Roberts' race-based discrimination and

harassment to Mr. Jacquet, Mr. Weinburg, and Mr. Grunewald, but no meaningful investigations were conducted and no resolutions were provided. Additionally, each time Plaintiff complained to her superiors, Ms. Roberts' race-based discrimination and harassment towards Plaintiff intensified.

14.     On or around May 6, 2021, Plaintiff complained to Defendant's Human Resources Director, Jason Mosley ("Mr. Mosley"), alleging race-based harassment, harassment, and discrimination by Ms. Roberts. Mr. Mosley told Plaintiff that he would conduct a formal investigation.

15.     On or around May 10, 2021, Ms. Roberts purposefully and intentionally omitted Plaintiff from a scheduled onsite meeting at the Call Center; this meeting was germane to Plaintiff's position as a supervisor. After Plaintiff complained to a superior about Ms. Roberts failing to invite her to this meeting, Ms. Roberts requested that Plaintiff choose a non-Black supervisor, from a list of non-Black supervisors provided by Ms. Roberts, to attend the onsite meeting instead of Plaintiff.

16.     On or around May 11, 2021, as a result of Ms. Roberts' continuous, race-based discrimination and harassment, Plaintiff was hospitalized with chest pains. Subsequently, Plaintiff was diagnosed with severe anxiety, depression, and Post-Traumatic Stress Disorder (PTSD) as a result of Mr. Roberts' discrimination and harassment.

17.     On or around March 27, 2021, Mr. Grunewald informed Plaintiff that Defendant would be moving a portion of Plaintiff's team and placing the team under Ms. Robert's supervision temporarily, an unprecedented action, despite Mr. Grunewald being aware of Plaintiff's past complaints about Ms. Roberts and Plaintiff voicing her disapproval of Mr. Grunewald's decision. Mr. Grunewald's decision was based solely on Ms. Robert's performance reports about Plaintiff.

18.     On May 27, 2021, Plaintiff followed up with Mr. Mosley regarding his investigation of her May 6, 2022, complaint. Mr. Mosley told Plaintiff that he had talked to Mr. Weinberg and Ms. Roberts only and that he believed Ms. Roberts. Mr. Mosley failed to interview other employees and supervisors who would have corroborated Plaintiff's complaints. Additionally, Mr. Mosley notified Plaintiff that he would be moving Plaintiff's entire team from her and placing the team under Ms. Robert's supervision indefinitely.

19.     On or around May 27, 2021, Plaintiff applied for and received intermittent Family and Medical Leave Act (FMLA) leave and short-term disability as a reasonable accommodation for her anxiety, depression, and PTSD.

20.     On or around August 26, 2021, Plaintiff filed a charge with Equal Employment Opportunity Commission charge alleging race and disability discrimination and retaliation.

21. In or around November 2021, Plaintiff applied for and received long-term disability for her anxiety, depression, and PTSD.

22. Throughout her time on disability leave, Plaintiff stayed in contact with her supervisors and Defendant.

23. In or around the beginning of January 2022, Mr. Jacquet called Plaintiff and asked Plaintiff when she would be returning to work; Plaintiff replied that she would return by the end of the January 2022. At no time during or after this call did Mr. Jacquet ask Plaintiff to provide medical documentation evincing the date certain for Plaintiff's return to work.

24. Around mid to late January 2022, prior to January 27, 2022, Defendant's Human Resources Representative, Jessica Hettingill ("Ms. Hettingill") called Plaintiff and asked Plaintiff when she would be returning to work; Plaintiff replied that her return had been extended to the end of the February 2022. At no time during or after this call did Ms. Hettingill ask Plaintiff to provide medical documentation evincing the date certain for Plaintiff's return to work.

25. On or about January 27, 2022, Defendant notified Plaintiff that she would be terminated on February 2, 2022, and Plaintiff was in fact terminated on February 2, 2022.

26.    The allegations in paragraphs 7 through 25 above represent only a fraction of the discriminatory and retaliatory treatment and conduct by Defendant directed at Plaintiff.

## Count I
## Racial Discrimination – Title VII

27.    Plaintiff realleges paragraphs 1 through 26 as if fully alleged herein.

28.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

29.    Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to race-based disparate treatment in violation of Title VII.

30.    The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff's employment and interfered with Plaintiff's emotional well-being.

31.    Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 7 through 26.

32.    As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered physical, mental, and emotional distress.

33.    Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its employees and management as described in paragraphs 7 through 26.

34.    Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

35.    Plaintiff is informed and believes, based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known.

36.    Plaintiff has filed a charge of race-based discrimination with the EEOC against Defendant. On February 14, 2022, the EEOC issued a Right to Sue.

37.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, and physical, mental, and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38.    As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship

with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to Title VII.

39.     Plaintiff is informed and believes, based thereon alleges, that the outrageous conduct of Defendant described above was intentional and was done with fraud, oppression, and malice, with a conscious disregard for her rights and with the intent, design, and purpose of injuring her. Plaintiff is further informed and believes that Defendant, through its officers, managing agents, and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

40.     Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in her favor against Defendant for compensatory damages, back pay, front pay, and damages for emotional distress, pain and suffering, and mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT II
## Hostile Work Environment – Title VII

41.     Plaintiff realleges paragraphs 1 through 26 as if fully alleged herein.

42.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

43.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful harassment by subjecting Plaintiff to unwelcome harassing conduct in violation of Title VII.

44.     The above-described unwelcome harassing conduct created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being.

45.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 7 through 26.

46.     As a result of the hostile and offensive work environment perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further harassment, Plaintiff suffered physical, mental, and emotional distress.

47.     Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 7 through 26.

48.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate harassment from the workplace and to prevent it from occurring in the future.

49.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other harassing and discriminatory practices against her which are not yet fully known.

50.    Plaintiff has filed a charge of race-based harassment with the EEOC against Defendant. On February 14, 2022, the EEOC issued a Right to Sue.

51.    As a direct and proximate result of Defendant's willful, knowing and intentional harassment against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52.    As a further direct and proximate result of Defendant's violation of Title VII, as therefore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to Title VII and federal law.

53.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was intentional and done with

oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her.  Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

54.    Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in her favor against Defendant for compensatory damages, back pay, front pay, and damages for emotional distress, pain and suffering, and mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT III
## Retaliation – Title VII

55.    Plaintiff realleges paragraphs 1 through 26 as if fully alleged herein.

56.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

57.    Plaintiff made repeated complaints to Defendant regarding the harassment and discrimination to which she was subjected. The above acts constituted protected activity under Title VII.

58.     Defendant moreover engaged in retaliation against Plaintiff after she engaged in protected activity by subjecting Plaintiff to further discrimination, harassment, and hostility. These actions were done to dissuade Plaintiff and others from engaging in legally protected activity.

59.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 7 through 26.

60.     Plaintiff is informed and believes, based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against her which are not yet fully known.

61.     Plaintiff has filed a charge of retaliation with the EEOC against Defendant. On February 14, 2022, the EEOC issued a Right to Sue.

62.     As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, and physical, mental, and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to proven at trial.

63.     As a further, direct and proximate result of Defendant's violation of Title VII as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship

with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff requests that attorneys' fees and costs be awarded pursuant to Title VII.

64.    Plaintiff is informed and believes, based thereon alleges, that the outrageous conduct of Defendant as described above was intentional and done with malice, fraud, and oppression, with conscious disregard for her rights and with the intent, design and purpose of injuring her. Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

65.    Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in her favor against Defendant for compensatory damages, back pay, front pay, and damages for emotional distress, pain and suffering, and mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT IV
## Failure to Accommodate – ADA

66.    Plaintiff realleges paragraphs 1 through 26 as if fully alleged herein.

67.    This action is brought pursuant to Americans With Disabilities Act of 1990 ("ADA").

68.     Plaintiff, at all times relevant, was disabled and/or was regarded as disabled by Defendant.

69.     Defendant, through its agents and/or supervisors, engaged in a pattern and practice of unlawful discrimination by failing to make reasonable accommodations for Plaintiff's disability. Rather than allow Plaintiff to take needed disability leave and return to work thereafter, Defendant fired Plaintiff while she was on disability leave, less than a month before she was scheduled to return to work, despite Plaintiff providing Defendant with a date certain to return to work.

70.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff's employment.

71.     As a direct result of Defendant's failure to accommodate Plaintiff, Plaintiff suffered physical, mental, and emotional distress.

72.     Defendant violated ADA by failing to adequately make reasonable accommodations for Plaintiff in the workplace.

73.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 7 through 26.

74.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known.

75.     Plaintiff has filed a charge of retaliation with the EEOC against

Defendant. On February 14, 2022, the EEOC issued a Right to Sue.

76.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

77.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

78.    As a further, direct and proximate result of Defendant's violation of ADA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to her. Plaintiff requests that

attorneys' fees and costs be awarded pursuant to ADA.

79.    Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in her favor against Defendant for compensatory damages, back pay, front pay, and damages for emotional distress, pain and suffering, and mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT V
## Disability Discrimination – ADA

80.    Plaintiff realleges paragraphs 1 through 26 as if fully alleged herein.

81.    This action is brought pursuant to Americans With Disabilities Act of 1990 ("ADA").

82.    Plaintiff, at all times relevant, was disabled and/or was regarded as disabled by Defendant.

83.    Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to disability-based disparate treatment in violation of the ADA.

84.    The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff's employment and interfered with Plaintiff's emotional well-being.

85. Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 7 through 26.

86. As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered physical, mental, and emotional distress.

87. Defendant violated the ADA by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its employees and management as described in paragraphs 7 through 26.

88. Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

89. Plaintiff is informed and believes, based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known.

90. Plaintiff has filed a charge of discrimination with the EEOC against Defendant. On February 14, 2022, the EEOC issued a Right to Sue.

91. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, and physical, mental, and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment

benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

92.    As a further direct and proximate result of Defendant's violation of the ADA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to the ADA.

93.    Plaintiff is informed and believes, based thereon alleges, that the outrageous conduct of Defendant described above was intentional and was done with fraud, oppression, and malice, with a conscious disregard for her rights and with the intent, design, and purpose of injuring her. Plaintiff is further informed and believes that Defendant, through its officers, managing agents, and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

94.    Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in her favor against Defendant for compensatory damages, back pay, front pay, and damages for emotional distress, pain and suffering, and mental anguish, punitive damages, pre-judgment and

post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems

proper.

Dated: May 13, 2022                              Respectfully Submitted,


/s/ Antonio D. Dowels, Esq.
ANTONIO D. DOWELS, ESQUIRE
Florida Bar No.: 1003436
adthompsonlegal@gmail.com
JAMES M. THOMPSON, ESQUIRE
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com
clerk.thompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC.
777 S. Harbour Island Blvd., Suite 245
Tampa, Florida 33602
(813) 769-3900 ▪ (813) 425-3999 Fax
*Attorneys for the Plaintiff*